IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RONNIE L. STOUT and
CYNTHIA STOUT,

          Plaintiffs,

v.                                  CIVIL ACTION NO. 3:25-0506

BRAYMAN CONSTRUCTION
CORPORATION,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Brayman Construction Corp.'s Motion to Dismiss Plaintiff's Complaint (ECF 8). For the reasons stated below, the Court **DENIES** the Motion.

**BACKGROUND**

Plaintiffs Ronnie L. Stout ("Mr. Stout") and Cynthiana Stout allege that Mr. Stout, Defendant's employee, was working in a barge underneath a bridge that Defendant was constructing. *See* Compl., ECF 1 at ¶¶ 1, 6. According to Plaintiffs' Complaint, a "softener"—a "corner protector[] that prevent[s] . . . crane straps from being damaged or severed by the corners of [a] steel beam/girder during hoist operations"—fell on Mr. Stout, injuring him. *Id.* at ¶¶ 8–9. Plaintiffs allege that the softener fell from a steel beam or girder that had already been installed. *See id.* The Complaint also asserts that the softener fell because "tension was let off the crane" being used to install beams and girders. *Id.* at ¶ 9.

Plaintiffs filed the present action, pleading counts of deliberate intent and loss of consortium. *See id.* at 5, 6. Defendant then filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF 8 at 1–2.

## LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 545. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

## ANALYSIS

### I.  Count I

Count I alleges that Defendant's failure to secure the softener that fell on Mr. Stout amounted to deliberate intent. *See* Compl. ¶ 15.

To sustain a claim of deliberate intent, a plaintiff must show, among other things, that "the specific unsafe working condition [complained of] was a violation of a state or federal safety statute, rule or regulation, . . . or of a commonly accepted and well-known safety standard within the industry or business of the employer." W. Va. Code § 23-4-2(d)(2)(B)(iii).

Here, Plaintiffs allege that Defendant violated 29 C.F.R. § 1926.75(a), which provides that "[a]ll materials, equipment, and tools, which are not in use while aloft, shall be secured against accidental displacement." Compl. ¶ 12 (quoting 29 C.F.R. § 1926.75(a)).

Defendant argues that Plaintiffs have not plausibly alleged a § 1926.75(a) violation because

the regulation only applies to materials "not in use." *See* ECF 9 at 6. According to Defendant, "a plain reading of the Complaint" indicates that the softener that fell on Mr. Stout *was* in use. *Id.* Defendant argues that the softener must have been in use if, as Plaintiffs allege, the fall was caused by reduced crane tension. *See* ECF 12 at 2.

Defendant has not explained why Plaintiffs' allegation about causation compels the conclusion that the softener was in use when it fell. Consequently, the Court is not persuaded that any allegations in the Complaint bely Plaintiffs' claim that Defendant violated § 1926.75(a). In the absence of such allegations, and it light of Plaintiffs' assertion that the softener fell from a steel beam or girder that had already been installed, Plaintiffs have plausibly alleged that the softener was not in use when it fell. Accordingly, the Complaint states a claim of deliberate intent, and the Court will deny Defendant's Motion with respect to Count I.

## II.   Count II

While Defendant's Motion seems to ask the Court to dismiss Plaintiffs' entire case, *see* ECF 8 at 2, Defendant has not put forward any argument about why Count II of the Complaint should be dismissed. Accordingly, the Court will also deny Defendant's Motion insofar as it seeks dismissal of Count II.

## CONCLUSION

The Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF 8).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   October 15, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE